On the trial the lessor of the plaintiff produced and read in evidence a grant to one Z. Candler for the land in dispute, dated in the year 1829, and then showed a regular judgment and execution against Candler, and a sheriff's deed to himself, dated in the year 1831. He then showed another judgment and execution against Candler, and proved that the sheriff levied on the same land as the property of Candler, after the date of the deed to him, the plaintiff's lessor, and sold it as Candler's property, when the defendant Gates became the purchaser and took a deed from the sheriff for the same, dated in the year 1834. The defendants relied upon showing title out of the plaintiff's lessor, and for that purpose offered to read in evidence a patent to one Blount, dated in 1794. This evidence was objected to upon the ground that the defendants were estopped from denying the title of Candler, under whom both parties claimed, but the objection was overruled and the evidence admitted. The lessor of the plaintiff then contended that the whole of the land covered by Blount's patent had been sold for taxes and passed to the State, and thereby had again become vacant, and was subject to entry at the time when Candler took out his grant, and for this purpose he (499) produced a sheriff's deed for the land, but was unable to show that the taxes were due from Blount at the date of the Sheriff's deed. His Honor thought that the deed from the sheriff was not of itself sufficient to show that Blount's title had been divested, and the plaintiff's lessor in submission to this opinion was nonsuited and appealed. *Page 392 
As the party in possession of land is presumed to be the owner until the contrary appears, the claimant in ejectment must show a good title in himself; he cannot found his claim upon the weakness of that of the defendant, for possession gives the defendant a right against every man who cannot establish a good title in himself against everybody. The defendant, therefore, generally is permitted to show a better title than the plaintiffs in a third person. But it has been decided in this State that where both parties claim title under the same person it is not competent to either, as such claimants, to deny that such person had title. Den ex. dem.Ives v. Sawyer, ante, 51; Murphy v. Barnett, 1 Car. Law Repos., 105. In this case both of the parties claimed under Candler. The defendant, although not estopped to show that he had in himself a better title than the plaintiff, as for instance that Candler had again acquired the title before the date of the sheriff's deed to him, or that his title was always better than even that of Candler's; still we think, according to the above authorities, he was precluded setting up any title in Blount. The admission in evidence of Blount's grant was, therefore, erroneous. We have decided at this term that the sheriff's deed only for lands sold for taxes, was not evidence sufficient in law to deprive a man of the title to his lands. It must also be shown that the taxes were due to authorize the sheriff to sell the land and make a deed. There must be a new trial.
PER CURIAM. Judgment reversed.
Cited: Norwood v. Marrow, post; Copeland v. Sauls, 46 N.C. 73; Johnsonv. Watts, id., 231; Feimster v. McRorie, id., 550; Newlin v. Osborne,47 N.C. 164; Register v. Rowell, 48 N.C. 314; Worsley v. Johnson,50 N.C. 74; Whissenhunt v. Jones, 78 N.C. 362; Ray v. Gardner, 82 N.C. 147;Spivey v. Jones, id., 181; Ryan v. Martin, 91 N.C. 469; Jordan v. Rouse,46 N.C. 122; Southerland v. Stout, 68 N.C. 448; Fox v. Stafford,90 N.C. 298; Mobley v. Griffin, 104 N.C. 115; Thomas v. Hunsucker,108 N.C. 723; Hassell v. Walker, 50 N.C. 272. *Page 393 
(500)